1  CHET A. KRONENBERG (SBN: 222335)
   ckronenberg@stblaw.com
2  LINDSAY A. DIMAGGIO (SBN: 329913)
   lindsay.dimaggio@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   1999 Avenue of the Stars, 29th Floor
4  Los Angeles, California 90067
   Telephone:   (310) 407-7500
5  Facsimile:   (310) 407-7502

6
   *Attorneys for Defendants Certain Underwriters*
7  *at Lloyd's, London, Syndicates 2623 and 623*

8                  **UNITED STATES DISTRICT COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

| VIASAT, INC., | Case No. 3:22-CV-1169 JAH BGS |
|---|---|
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SYNDICATES 2623 AND 623, | |
| Defendants. | Judge: Hon. John A. Houston |
| | Date:      October 12, 2022<br>Time:      10:30 a.m.<br>Courtroom: 13B |
| | [Filed concurrently herewith: Notice of Motion; Declaration of William Ross] |

## PRELIMINARY STATEMENT

Plaintiff Viasat Inc. ("Viasat") is a commercial satellite hardware and service provider. Viasat's KA-SAT satellite provides internet coverage over much of Europe. On February 24, 2022, approximately one hour before the initial Russian attack on Ukraine, Russia launched a cyberattack against Ukraine, which targeted the KA-SAT network owned by Viasat. Viasat seeks insurance coverage under an insurance policy issued by Defendants for its losses stemming from Russia's February 24, 2022 cyberattack notwithstanding the fact that Viasat's policy contains a "War and Civil War Exclusion."

Lloyd's of London is an insurance market based in the United Kingdom in which persons and business entities, which are called "Names," can invest in a percentage of an insurance policy risk through "Syndicates." Viasat has sued Syndicates 2623 and 623, which are responsible collectively for 100% of the risk under the policy. Syndicate 2623 has an 82% share of the risk and Syndicate 623 has an 18% share of the risk. Syndicate 2623 and Syndicate 623 collectively have 1,646 members.

This action must be dismissed because this Court does not have subject matter jurisdiction. For diversity and amount in controversy purposes, a plaintiff must allege complete diversity between the plaintiff and each name, and satisfy the amount in controversy with respect to each name. Viasat has not, and cannot, allege that each Name is diverse from it or that each Name meets the amount in controversy requirement. Due to the fact that this Court lacks subject matter jurisdiction, Defendants filed a declaratory judgment action against Viasat today in San Diego Superior Court.

## BACKGROUND

On August 9, 2022, Viasat commenced this action against Defendants Certain Underwriters at Lloyd's, London (Syndicates 2623 and 623) (collectively,

"Defendants.")  Viasat asserts causes of action against Defendants for declaratory relief, breach of contract, and bad faith.  Viasat alleges that it is a Delaware corporation with its principal place of business in California.  Compl. ¶ 6.  Viasat alleges that "all of the members of each Defendant are United Kingdom residents or United Kingdom companies, with their principal places of business in the United Kingdom."  *Id.* ¶ 10.  Viasat alleges that this Court has jurisdiction over this action "due to complete diversity of the parties, and because the amount in controversy set forth in this Complaint exceeds $75,000, exclusive of costs."  *Id.* ¶ 11 (citing 28 U.S.C. § 1332).

Viasat alleges that Syndicates 2623 and 623 issued the insurance policy at issue to Viasat.  *Id.*  ¶¶ 8, 18.  Syndicate 2623 has 82% of the risk and Syndicate 623 has 18% of the risk.  Declaration of William Ross ("Ross Decl.") ¶ 4.  Syndicates 2623 and Syndicate 623 collectively have 1,646 Names.  *Id.*  Those 1,646 Names include, among others, numerous special liability partnerships, limited liability partnerships, and individuals.  *Id.*

## LEGAL STANDARD

Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.  *Grayson Serv. v. Crimson Res. Mgmt. Corp.*, No. 1:14-CV-01125-SAB, 2016 U.S. Dist. LEXIS 15198, at *3 (E.D. Cal. Feb. 5, 2016).  In civil actions, district courts have jurisdiction where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

Complete diversity requires that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  For individuals, citizenship is determined by the state where one is domiciled.  *Hensley v. United States DEA*, Case No. 07-CV-0398 W (NLS), 2007 U.S. Dist. LEXIS 87696, at *13 (S.D. Cal. Nov. 27, 2007).  "If a

[U.S. citizen] establishes domicile outside of the United States, he becomes a 'stateless' citizen, destroying diversity jurisdiction under 28 U.S.C. § 1332." *Jes Solar Co. v. Chung*, 725 F. App'x 467, 469 (9th Cir. 2018). The amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 648 (9th Cir. 2016).

A party may seek dismissal of an action for lack of subject matter jurisdiction by way of a motion. *See* Fed. R. Civ. P. 12(b)(1). The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and, if jurisdiction is challenged, proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

## ARGUMENT

### I. THERE IS NO SUBJECT MATTER JURISDICTION IN THIS CASE

#### A. Each "Name" Is An Insurer

Lawsuits involving Lloyd's of London ("Lloyd's") are unique. "Lloyd's itself is not an insurance company and does not underwrite risk . . . . Rather, Lloyd's serves as a marketplace where investors, referred to as 'Names,' buy and sell insurance risk." *PHL Variable Ins. Co. v. Cont'l Cas. Co.*, Case No. 19-CV-06799-CRB, 2020 U.S. Dist. LEXIS 47929, at *4 (N.D. Cal. Mar. 18, 2020); *see also* Ross Decl. ¶ 3. Thus, "a policyholder insures *at* Lloyd's, but not *with* Lloyd's." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003) (emphasis in original). *See also Underwriters at Lloyd's, London, v. Osting-Shwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010) ("Lloyd's itself does not insure any risk.").

Usually, as in this case, a Lloyd's policy has several Syndicates, which are collectively responsible for 100% of the policy's coverage. *Corfield*, 355 F.3d at 858. Syndicates have no "independent legal identity," and bear no liability for the risk on a Lloyd's policy. *Id.* The members who belong to these Syndicates—and bear the liability for the risk—are called "Names." *Genstar Container Corp. v.*

*Certain Underwriters at Lloyd's*, Case No. C-00-1013 PJH, 2000 U.S. Dist. LEXIS 18741, at *2 (N.D. Cal. Dec. 22, 2000); *see also* Ross Decl. ¶ 3. "Names are severally liable for their fractional share of the risk and accordingly they are the 'real parties to the controversy' when litigation arises out of a policy to which they are subscribed." *Nat'l Fire & Marine Ins. Co. v. Certain Underwriters at Lloyd's London*, Case No. C08-1836-JCC, 2009 U.S. Dist. LEXIS 138510, at *5 (W.D. Wash. June 26, 2009); *see also Genstar*, 2000 U.S. Dist. LEXIS 18741, at *2 (same).

The Names invest in a percentage of the policy risk. *Nat'l Fire*, 2009 U.S. Dist. LEXIS 138510, at *4. "The Names themselves can be people or corporations from many nationalities—not just the United Kingdom." *PHL Variable*, 2020 U.S. Dist. LEXIS 47929, at *4-5. In fact, it is not uncommon for a Syndicate to have "hundreds to thousands of Names." *Certain Underwriters at Lloyd's London v. Raytheon Co.*, Case No. C 01-03317 WHA, 2001 U.S. Dist. LEXIS 23876, at *4 (N.D. Cal. Dec. 3, 2001). The Names are individually contractually committed to the insured. *Nat'l Fire,* 2009 U.S. Dist. LEXIS 138510, at *5-6; *see also* Ross Decl. ¶ 3. "[A] Syndicate, being only a grouping of Names, has no contractual relationship with the insured." *Corfield*, 355 F.3d at 859.

For diversity purposes, courts within the Ninth Circuit treat each Name in a Syndicate as a separate entity for citizenship and amount in controversy purposes. *See, e.g.*, *PHL*, 2020 U.S. Dist. LEXIS 47929 at *10 (holding that courts are required "to consider the citizenship and amount in controversy as to each Name for the purposes of diversity analysis"); *Steadfast Ins. Co. v. Certain Underwriters at Lloyd's London*, Case No. SACV 10-0528-DOC(RNBx), 2010 U.S. Dist. LEXIS 105590, at *11 (C.D. Cal. Sep. 21, 2010) ("complete diversity can only exist if all member-underwriters [*i.e.*, Names] are citizens of different states than all plaintiffs"); *Certain Underwriters at Lloyd's London*, 2001 U.S. Dist. LEXIS 23876,

at *9 (requiring complete diversity between "Raytheon and every Name"); *Majestic Ins. Co. v. Allianz Int'l Ins. Co.,* 133 F. Supp. 2d 1218, 1223 (N.D. Cal. 2001) ("each Name must be diverse from Plaintiff to satisfy diversity jurisdiction requirements"); *Nat'l Fire*, 2009 U.S. Dist. LEXIS 138510, at *6 ("district courts within the [Ninth] circuit have repeatedly held that the citizenship of each Name must be considered for purposes of determining whether complete diversity exists.") (internal quotations omitted).

### B. Viasat Has Failed To Establish Diversity With Respect To Each "Name"

"A party who invokes the power of a federal court bears the burden of establishing the court's subject matter jurisdiction." *Amerault v. Intelcom Support Servs.*, 16 F. App'x 724, 725 (9th Cir. 2001). Accordingly, when a plaintiff originally files in federal court, "[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016).

In its Complaint, Viasat alleges that "Lloyd's of London is comprised of various syndicate and company underwriters who share liability as subscribers to insurance policies issued out of the . . . London market. Such policies typically have multiple subscribers who collectively are responsible for 100 percent of the coverage liability." Compl. ¶ 7. However, instead of alleging the citizenship of each of the "multiple subscribers"—*i.e.*, the Names—for diversity purposes, Viasat merely alleges in conclusory fashion, on "information and belief," that "all of the members of each Defendant are United Kingdom residents *or* United Kingdom companies, with principal places of business in the United Kingdom." *Id.* ¶ 10 (emphasis added). Viasat's citizenship allegations are insufficient to establish complete diversity as a matter of law.

*First*, even if all of the Names were "United Kingdom residents *or* United Kingdom companies" (Compl. ¶ 10) (emphasis added), a Name still could be a resident of California or incorporated in Delaware. For example, in discussing whether a federal court has subject matter jurisdiction in a case against Certain Underwriters at Lloyd's of London, a federal district court in Colorado noted a business could (i) "be incorporated in the United Kingdom" but have "its principal place of business outside the UK"; or (ii) have "its principal place of business within the UK, but be incorporated elsewhere, whether that is the United States or another country." *Rooftop Restoration, Inc. v. Certain Underwriters at Lloyd's of London*, 2021 U.S. Dist. LEXIS 168727, at *9-10 (D. Colo. Sep. 7, 2021), *remanded by* 2021 U.S. Dist. LEXIS 221665 (D. Colo. Nov. 16, 2021). Moreover, the Names include numerous "special limited partnerships" ("SLP") and "limited liability partnerships" ("LLP"). Ross Decl. ¶ 4. SLPs and LLCs have the citizenship of their partners and members. *Rooftop*, 2021 U.S. Dist. LEXIS 168727, at *10-11. A partner or member could be a natural person, a company, or perhaps, another partnership or limited liability company. *Id.* An SLP or LLP also might have members "who are citizens of the U.S. states," including one that "might defeat diversity jurisdiction." *Id.* Accordingly, Viasat's citizenship allegation on its face does not establish that there is complete diversity.

*Second*, there is no factual basis to support Viasat's allegation, made on "information and belief," that "all of the members of each Defendant are United Kingdom residents or United Kingdom companies, with principal places of business in the United Kingdom." *Id.* ¶ 10. "A complaint must allege facts that plausibly establish the defendant's liability." *Moss v. Infinity Ins. Co.*, Case No. 15-CV-03456-JSC, 2015 Dist. LEXIS 158059, at *3 (N.D. Cal. Nov. 20, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). In addition, a complaint must also comply with Rule 8, which requires the complaint to contain "a short and plain

statement of the grounds for the court's jurisdiction." *Id.* (citing Fed. R. Civ. P. 8(a)(1)). Here, "there is no factual basis to support th[e] allegation" that the 1,646 Names, many of which are SLPs or LLPs, are all United Kingdom residents or companies. *Chum & S v. Certain Underwriters at Lloyds of London*, Case No. 1:18-CV-03383-RWS, 2019 U.S. Dist. LEXIS 229619, at *5 (N.D. Ga. June 4, 2019) ("merely alleg[ing] that they 'are citizens of states which are different from the states where Defendants are incorporated and have their principal place of business' is insufficient because the plaintiff did not allege facts demonstrating the existence of jurisdiction)

*Finally*, courts have rejected citizenship allegations that, like Viasat's allegations, lump all of the Names together for citizenship purposes. *See Montgomery v. Markel Int'l Ins. Co.*, 259 F. Supp. 3d 857, 865-66 (N.D. Il. 2017) (emphasis in original) (alleging in a complaint that "[t]he syndicate . . . contains no corporations or individuals that are citizens of Illinois" (*i.e.*, Plaintiffs' state of citizenship) is insufficient to establish diversity); *NL Indus. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 564 (N.D. Tex. 2006) (alleging as a basis for remand that the Lloyd's syndicate "members are citizens of the United Kingdom as far as OneBeacon is aware . . . is simply too slender a reed to distinctly and affirmatively allege, or establish, the citizenship of these entities").

### C. Viasat Has Failed To Establish The Amount In Controversy With Respect To Each Name

With respect to the $75,000 amount in controversy requirement, Viasat "must show that each Name meets the amount in controversy requirement." *PHL Variable*, 2020 U.S. Dist. LEXIS 47929, at *13; *see also Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.*, Case No. C06-5238 RBL, 2006 U.S. Dist. LEXIS 49310, at *6 (W.D. Wash. Jul. 7, 2006) ("Each amount in controversy must be established individually with respect to each Name subscribing

to the policies in the dispute."); *Genstar*, 2000 U.S. Dist. LEXIS 18741, at *5-6 (same); *Nat'l Fire*, 2009 U.S. Dist. LEXIS 138510, at *6-7 (same). Viasat cannot satisfy its burden to show that each Name has $75,000 at stake in this action.

For example, the Name with the lowest percentage of risk holds a 0.00037 percent share of Syndicate 623's risk. Ross Decl. ¶ 4. The policy at issue in this case has a $10 million aggregate limit (*id.* ¶ 2) and Syndicate 623 has 18% of the risk (*id.* ¶ 4). Accordingly, the Names in Syndicate 623 collectively are at risk for $1,800,000 (*i.e.*, $10 million x 0.18). As a result, the Name that holds a 0.00037 percent share of Syndicate 623's risk has $666.00 at risk under the policy (*i.e.*, $1,800,000 x. 0.00037). The Name's individual liability is well below the $75,000 threshold, even if Viasat also were to prevail on its bad faith claim and obtain extra-contractual damages and attorneys' fees.

## CONCLUSION

For the foregoing reasons, Viasat's Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

Dated: August 31, 2022

SIMPSON THACHER & BARTLETT LLP

By: */s/ Chet A. Kronenberg*
    CHET A. KRONENBERG
    (State Bar No. 222335)
    ckronenberg@stblaw.com
    1999 Avenue of the Stars, 29th Floor
    Los Angeles, California 90067
    Telephone: (310) 407-7500
    Facsimile: (310) 407-7502

*Attorneys for Defendants Certain Underwriters at Lloyd's, London, Syndicates 2623 and 623*