UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (SYNDICATES 2623 and 623),<br><br>　　　　Defendants. | Case No. 22-cv-01169-JAH-DDL<br><br>**PROTECTIVE ORDER**<br><br>Action Filed: August 9, 2022 |

　　　　The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

　　　　The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Halpern May Ybarra Gelberg LLP and Simpson Thacher & Bartlett LLP. "Counsel" also includes Colin Ward, in-house attorney for Viasat.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective

Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a.    the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record

whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 8 and 9 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the

receiving party, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a.    Independent experts only when necessary;

    b.    Technical personnel with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c.    Stenographic and clerical personnel associated with or retained by the individuals identified above.

9. Information designated "CONFIDENTIAL" must be viewed only by the individuals listed in paragraph 8, as well as the additional individuals listed below:

    a.    Party employees to whom disclosure is reasonably necessary for this action and witnesses;

    b.    Consultants or expert witnesses retained for the prosecution or defense of this action, provided that each such person shall execute a copy of the Certification annexed to this Order.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, and upon request of the producing party, the receiving party shall destroy the producing party's confidential information except as required by the receiving party's standard record retention and/or destruction procedures, in which case the party shall maintain all confidential information in a manner that will protect the confidentiality and shall destroy the documents in accordance with its standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. Pending destruction, the party will continue to be bound by this Order with respect to all such retained information. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that:

    a. the parties agree should not be designated confidential information;

    b. the parties agree, or the Court rules, is already public knowledge;

    c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    d. has come or will come into the receiving party's legitimate knowledge independently of the production by the designating

party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

## CLAWBACK OF PRIVILEGED DOCUMENTS OR INFORMATION

27. The parties agree that the inadvertent production of documents, electronically stored information, or other information protected by any privilege or work product doctrine shall not constitute a waiver of the privilege or protection in this case or in any other proceeding.

28. Upon receiving notice from the producing party that privileged documents or information have been inadvertently produced (the "Identified Materials"), the receiving party shall promptly, but no later than within seven (7) calendar days, return, destroy, or delete the Identified Materials and any copies of the Identified Materials the receiving party has in its possession.  Such return or destruction shall be without waiver of the right to argue that any or all of the Identified Materials are not in fact protected by any privilege or work product doctrine.  The receiving party may subsequently seek an order compelling production of some or all of the Identified Materials from the Court, but the mere

fact of inadvertent production may not be a basis for any order compelling such production.

29.  Unless the Court subsequently determines that the Identified Materials are not protected, in whole or in part, by any privilege or work product doctrine, the receiving party shall make no use of the Identified Materials in this matter or in any other matter or proceeding.  The receiving party must also take reasonable steps to retrieve any Identified Materials that the receiving party disclosed before receiving the notice described above, including but not limited to returning or destroying all copies of Identified Materials in electronic format that reside in document review databases or in other locations used to store or review the materials.

**IT IS SO ORDERED.**

Dated:  December 19, 2022

_____
Honorable David D. Leshner
United States Magistrate Judge

**Exhibit A**

I hereby acknowledge that I may receive confidential information supplied in connection with the matter of *Viasat, Inc. v. Certain Underwriters at Lloyd's London (Syndicates 2623 and 623)*, United States District Court, Southern District of California, Case No. 22-cv-01169-JAH-DDL (the "Proceeding"). I understand that such confidential information is provided to me subject to the terms and restrictions of the protective order filed in this Proceeding. I have been given a copy of the protective order; I have read it; and I agree to be bound by its terms.

I understand that confidential information, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the protective order. I will not copy or use, except solely for the purpose of this Proceeding, any confidential information obtained pursuant to this protective order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all confidential information provided to me in the Proceeding in a secure manner, and that all copies of such information are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such information will be returned to counsel who provided it to me.

Dated: _____    By: _____
                              Signature
                              Title
                              Address
                              City, State, Zip
                              Telephone Number