UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (SYNDICATES 2623 and 623),<br><br>                        Defendants. | Case No.:  22-cv-1169-JAH-DDL<br><br>**ORDER GRANTING IN PART MOTION TO COMPEL DISCOVERY RE NAMES AND BOND INFORMATION**<br><br>**[Dkt. No. 24]** |

## I.

## BACKGROUND

Before the Court is Plaintiff Viasat, Inc.'s ("Plaintiff") Motion to Compel discovery regarding names and bond information ("Motion to Compel"). Dkt. No. 24. Defendants Certain Underwriters at Lloyd's London, Syndicates 2623 and 623 ("Defendants") oppose the Motion to Compel. Dkt. No. 25. On March 10, 2023, the Court heard oral argument on the Motion to Compel. For the reasons stated below, the Motion to Compel is GRANTED IN PART.

The Motion to Compel raises three issues: (1) whether this Court has jurisdiction to rule on a motion to compel while a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Motion to Dismiss") is pending before

the District Court; (2) whether Plaintiff is entitled to discovery concerning Defendants' obligation, if any, to post a litigation bond; and (3) whether Plaintiff is entitled to discovery of the names of members of the two underwriting syndicates ("Names"), particularly where Plaintiff has requested that the District Judge order production of the same information in connection with the pending Motion to Dismiss.

## II.
## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

A motion to compel discovery is appropriate when a party fails to answer an interrogatory or fails to produce documents in response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The party seeking to compel discovery bears the burden of establishing that the requested discovery is relevant to a claim or defense, while the party opposing discovery has the burden to show that the discovery should be prohibited, as well as the burden of clarifying, explaining, and supporting its objections. *See FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN-BLM, 2016 WL 6522807, at *2 (S.D. Cal. Nov. 3, 2016).

## III.
## DISCUSSION

**A.    Jurisdiction to Rule on Motion to Compel**

Defendants contend the Court "has no authority to act other than granting [Defendants'] motion to dismiss for lack of subject matter jurisdiction." Dkt. No. 25 at 5. The Court concludes that Defendants' position lacks merit for at least two reasons. First,

Defendants cite no authority for the proposition that a pending motion to dismiss divests the Court of authority to act, and the case law is to the contrary. *See, e.g.*, *Adams v. AllianceOne, Inc.*, No. 08-CV-0248 JAH (LSP), 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008) (denying motion to stay discovery pending ruling on motion to dismiss for lack of subject matter jurisdiction). Indeed, taken to its logical conclusion, Defendants' argument would deprive courts of the ability to order jurisdictional discovery while a motion to dismiss is pending. That is not the law. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.") (internal quotation mark omitted).

Second, Defendants' argument is inconsistent with their own active participation in this litigation. Defendants did not move to stay discovery pending resolution of their Motion to Dismiss. *See, e.g.*, *Blackstone Int'l, Ltd. v. E2 Ltd.*, No. C20-1686-RSM, 2022 WL 522950, at *1 (W.D. Wash. Feb. 22, 2022) ("While a pending motion to dismiss does not ordinarily warrant a stay of discovery, a stay may be appropriate where issues of jurisdiction or immunity are raised in the dispositive motion."). To the contrary, Defendants have actively engaged in discovery to satisfy their desire "to get discovery going" in this case and a related state court action. Dkt. No. 25 at 7. Having invoked the Court's authority to demand that Plaintiff respond to discovery requests, Defendants' argument that the Court lacks authority to rule on a motion to compel discovery rings hollow.

B. **Discovery of Bond Information**

Plaintiff moves to compel Defendants to respond to its Requests for Production ("RFP") Nos. 10-12 and Requests for Admission ("RFA") Nos. 21-24 seeking information regarding Defendants' contention that they are not subject to the bond requirements of California Insurance Code sections 1616 and/or 1620. *See* Dkt. No. 24-2 at 8-10 and 28-30. The Court concludes that these RFPs and RFAs seek relevant information and are proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Court is not

persuaded by the authority Defendants cite in opposition to the requests, which address the issue of which documents qualify as pleadings for purposes of determining applicability of the bond requirements. The issue here is whether Plaintiff is entitled to discovery of bond information to determine whether Defendants are subject to the requirements of the California Insurance Code. Plaintiff is entitled to this information, and the Court GRANTS Plaintiff's Motion to Compel with respect to RFP Nos. 10-12 and RFA Nos. 21-24.

C.  **Discovery of Names**

Plaintiff also seeks discovery concerning the identities and citizenship of each member of the Defendant syndicates. Plaintiff made an analogous request to the District Judge in its Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. *See* Dkt. No. 11 at 17. As noted above, the Court has authority to rule on the instant Motion to Compel; however, "it is more prudent for the undersigned to defer the question of whether jurisdictional discovery is necessary to the assigned district judge in his determination of the merits of the pending motion to dismiss." *Hologram USA, Inc. v. Cirque Du Soleil My Call, LLC*, No. 2:14-CV-0916-RFB-NJK, 2014 WL 12792490, at *1 (D. Nev. Nov. 24, 2014).

Plaintiff contends the discovery regarding names is relevant to issues other than jurisdiction. Dkt. No. 24 at 10-11. If the District Court denies Defendants' Motion to Dismiss without ruling on Plaintiff's request for the "Names" discovery, Plaintiff may renew its request for this discovery following appropriate meet and confer efforts with Defendants regarding its relevance to issues other than jurisdiction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.

## CONCLUSION

For the foregoing reasons, the Motion to Compel is **GRANTED IN PART**. On or before **April 7, 2023**, Defendants must produce all non-privileged documents responsive to Plaintiff's Requests for Production Nos. 10, 11, and 12 and provide substantive, non-objection responses to Plaintiff's Requests for Admission Nos. 21, 22, 23, and 24.

**IT IS SO ORDERED.**

Dated:  March 17, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge