HALPERN MAY YBARRA GELBERG LLP
   Marc D. Halpern (CA Bar No. 216426)
   Gwendolyn M. Toczko (CA Bar No. 255984)
600 West Broadway, Suite 1060
San Diego, California 92101
Telephone: (619) 618-7000
marc.halpern@halpernmay.com
gwendolyn.toczko@halpernmay.com

HALPERN MAY YBARRA GELBERG LLP
   Susan P. Welch (CA Bar No. 145952)
   550 South Hope Street, Suite 2330
Los Angeles, California 90071
Telephone: (213) 402-1900
susan.welch@halpernmay.com

Attorneys for Plaintiff Viasat Inc.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (SYNDICATES 2623 and 623),<br><br>      Defendants. | CASE NO. 3:22-CV-1169 JAH BGS<br><br>**PLAINTIFF VIASAT INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Judge: Hon. John A. Houston |

Plaintiff Viasat, Inc. seeks the Court's leave to file a surreply, attached hereto as Exhibit 1, in opposition to Defendants Certain Underwriters at Lloyd's, London's (Syndicates 2623 and 623) ("Underwriters") motion to dismiss this action for lack of subject matter jurisdiction (the "Motion").

While the Local Rules contemplate a non-movant filing a single opposition brief, *see* CivLR 7.1(e) (setting deadlines for opposition and reply briefs), courts in this district "generally exercise discretion [to permit a surreply] when a valid reason exists, such as where the movant raises new arguments in the Reply brief." *Omnitracs, LLC v. Platform Science, Inc.*, No. 20-cv-0958-JLS-MDD, 2021 WL 857005, at *1 (S.D. Cal. Mar. 8, 2021).

A surreply is warranted here because Underwriters offer a new purported fact and a new argument in their Reply, making other evidence newly relevant, including Underwriters' representations, **made since filing the Reply**, regarding federal jurisdiction. In their Reply in support of the Motion, Underwriters introduced a new purported fact: they asked the Court to adopt factual finding of another court in an unrelated action between different parties, that Lloyd's syndicates "exist for one year, dissolve, and then reconstitute." Dkt. 15 at 7, quoting *CNX Gas Co., L.L.C. v. Lloyd's of London*, 410 F. Supp. 3d 746, 748 (W.D. Pa. 2019). On that basis, Underwriters then offer a new argument: the makeup of a syndicate from one year cannot be attributed to other years so the Court (in reliance on this newly-identified factual finding) should disregard Underwriters' allegations in other federal actions that diversity jurisdiction existed because Underwriters were not citizens of California.[1]

---

[1] The same evidence purportedly relates to another of Underwriters' (incorrect) arguments – that the amount-in-controversy requirement is not met in this case because one of the "Names" within one of the syndicate parties is severally liable to Viasat for far less than $75,000.

Accordingly, Viasat became aware of new evidence relevant to that new argument: ***nine days after filing their Reply in this action***, Underwriters represented in an ongoing action,[2] filed in the same year as this action, relating to another 2021-22 policy, that diversity jurisdiction existed in a matter involving a California insured.

Underwriters' Reply introduced new facts to this action in support of new arguments.  And nine days after filing that brief, they made a representation to another court contradicting the very points that their new argument purports to demonstrate.  The Court should exercise its discretion to permit Viasat to file a surreply to address these new matters.[3]

DATED:  March 22, 2023            HALPERN MAY YBARRA GELBERG LLP

By:  s/ Marc D. Halpern
MARC D. HALPERN
Attorneys for Plaintiff Viasat, Inc.

---

[2] *United Brands Products Design Development & Marketing, Inc. v. Certain Underwriters at Lloyd's, London Denoted as Syndicate Numbers AFB 2623 and AFB 623*, Case No. 4:22-cv-00649-TLT, United States District Court for the Northern District of California.  *See* Declaration of Susan P. Welch in support of proposed surreply ("Welch Dec."), ¶ 3 and Exs. A and B.

[3] Underwriters' counsel was given notice of this ex parte application, pursuant to CivLR 83.3(g)(2).  Welch Dec. ¶ 2.