CHET A. KRONENBERG (SBN: 222335)
ckronenberg@stblaw.com
LINDSAY A. DIMAGGIO (SBN: 329913)
lindsay.dimaggio@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone:   (310) 407-7500
Facsimile:   (310) 407-7502

*Attorneys for Defendants Certain Underwriters at Lloyd's, London, Syndicates 2623 and 623*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SYNDICATES 2623 AND 623,<br><br>　　　　Defendants. | Case No. 3:22-CV-1169 JAH DDL<br><br>**DEFENDANTS' OPPOSITION TO VIASAT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY**<br><br>Judge: Hon. John A. Houston |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT .................................................................................................................3

    I.    VIASAT'S APPLICATION SHOULD BE DENIED BECAUSE UNDERWRITERS' REPLY DID NOT PRESENT NEW EVIDENCE OR RAISE NEW ARGUMENTS ......................................3

    II.   VIASAT'S APPLICATION IS UNTIMELY.........................................4

   III.  *UNITED BRANDS* IS IRRELEVANT BECAUSE PARTIES CANNOT WAIVE SUBJECT MATTER JURISDICTION ..................6

CONCLUSION...............................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Appel v. Concierge Auctions, LLC*,
  Case No. 17-CV-02263-BAS-MDD, 2018 U.S. Dist. LEXIS 63046
  (S.D. Cal. Apr. 13, 2018) ................................................................................... 3

*Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.*,
  Case No. C06-5238 RBL, 2006 U.S. Dist. LEXIS 49310 (W.D. Wash. Jul. 7, 2006) ................................................................................................. 1

*Copelan v. Techtronics Industries Co., Inc.*,
  95 F. Supp. 3d 1230 (S.D. Cal. 2015) ................................................................ 6

*Da Silva v. Kinsho International Corp*,
  229 F.3d 358 (2d Cir. 2000) .............................................................................. 6

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
  160 F.3d 925 (2d Cir. 1998) .............................................................................. 1

*Edwards v. Toys 'R' US*,
  527 F. Supp. 2d 1197 (C.D. Cal. 2007) ............................................................. 3

*Finsa Portafolios v. Capital*,
  Case No. 2:17-cv-04360-SB-E, 2021 U.S. Dist. LEXIS 203294
  (C.D. Cal. Apr. 21, 2021) .................................................................................. 4

*Harvey v. Advisors Mortg. Grp., LLC*,
  Case No. 21-CV-1048 TWR (AGS), 2021 U.S. Dist. LEXIS 177638
  (S.D. Cal. Sep. 16, 2021) ................................................................................... 4

*La Posta Brand of Diegueño Mission Indians of the La Posta Reservation v. Trump*,
  Case No. 3:20-cv-01552-AJB-MSB, 2020 U.S. Dist. LEXIS 237643
  (S.D. Cal. Dec. 16, 2020) .................................................................................. 4

*Maatuk v. Emerson Elec., Inc.*,
  Case No. 1:16-CV-03023, 2019 U.S. Dist. LEXIS 23536 (N.D. Ohio Feb. 13, 2019) ......................................................................................... 5

*Nat'l Fire Marine Ins. Co. v. Certain Underwriters at Lloyd's London*,
 Case No. C08-1836-JCC, 2009 U.S. Dist. LEXIS 138510 (W.D
 Wash. June 26, 2009) ................................................................................... 1

*Nguyen v. BMW of N. Am., LLC*,
 Case No. 20-CV-2432, 2022 U.S. Dist. LEXIS 5657 (S.D. Cal. Jan.
 11, 2022) ........................................................................................................ 5

*PHL Variable Ins. Co. v. Cont'l Cas. Co.*,
 Case No. 19-cv-06799-CRB, 2020 U.S. Dist. LEXIS 47929 (N.D.
 Cal. Mar. 18, 2020) ....................................................................................... 1

*Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*,
 Case No. 3:16-CV-00024-CHB, 2022 U.S. Dist. LEXIS 140668
 (W.D. Ky. July 18, 2022) .............................................................................. 5

*Raiser v. San Diego Cty.*,
 Case No. 19-cv-0751-GPC-KSC, 2021 U.S. Dist. LEXIS 92953
 (S.D. Cal. May 17, 2021) .............................................................................. 3

*Rayon-Terrell v. Contra Costa Cty.*,
 232 F. App'x 626 (9th Cir. 2007) .................................................................. 3

*Richardson v. U.S.*,
 943 F.2d 1107 (9th Cir. 1991) ...................................................................... 6

*Terrell v. Contra Costa County*,
 232 Fed. Appx. 626 (9th Cir. 2007) .............................................................. 3

*U.S. Bank National Ass'n v. Edwards*,
 Case No. 3:16-cv-1307-AC, 2017 U.S. Dist. LEXIS 53689 (D. Or.
 Feb. 23, 2017) ............................................................................................... 6

*Zidell Marine Corp. v. Benefit Fire & Cas. Ins. Co.*,
 Case No. 03-CV-05131-ORD, 2003 U.S. Dist. LEXIS 26253 (W.D.
 Wash. Dec. 4, 2003) ...................................................................................... 6

**Statutes**

28 U.S.C. § 1332 ................................................................................................... 1

Defendants Certain Underwriters at Lloyd's of London (Syndicates 2623 and 623) (collectively, "Underwriters") hereby submit their opposition to the *ex parte* application filed by Plaintiff Viasat Inc. ("Viasat") for leave to file a sur-reply.

## PRELIMINARY STATEMENT

On August 31, 2022, Underwriters filed a motion to dismiss this action for lack of subject matter jurisdiction because courts within the Ninth Circuit treat each Name in a Syndicate as a separate entity for citizenship and amount in controversy purposes.[1]  In support of their motion to dismiss, Underwriters submitted a declaration from William Ross, a Cyber Claims Product Specialist at the Beazley Group.[2]  With respect to the amount in controversy requirement, Mr. Ross declared that one of the participants or Names has only $666.00 at risk under the policy[3], which is well below the $75,000 threshold required under 28 U.S.C. § 1332.

Viasat filed its opposition to Underwriters' motion on September 28, 2022 and Underwriters filed their reply on October 5, 2022.  Also on October 5, 2022, the Court issued an order deeming the matter suitable for adjudication without oral argument and vacated the hearing on Underwriters' motion that had been set for October 12, 2022.  Now, over five-and-a-half months after Underwriters filed their

---

[1] *See, e.g., PHL Variable Ins. Co. v. Cont'l Cas. Co.*, Case No. 19-cv-06799-CRB, 2020 U.S. Dist. LEXIS 47929, at **9-10 (N.D. Cal. Mar. 18, 2020)("The prevailing trend, and the trend in California and in this District, is to adopt the Second Circuit's treatment of Lloyd's articulated in *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998), which requires a court to consider the citizenship and amount in controversy as to each Name for the purposes of diversity analysis.") (collecting cases); *Nat'l Fire Marine Ins. Co. v. Certain Underwriters at Lloyd's London*, Case No. C08-1836-JCC, 2009 U.S. Dist. LEXIS 138510, at *6-7 (W.D Wash. June 26, 2009)(holding that "all Names [must] individually meet the amount in controversy under 28 U.S.C. § 1332"); *Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.*, Case No. C06-5238 RBL, 2006 U.S. Dist. LEXIS 49310, at *6 (W.D. Wash. Jul. 7, 2006) (same).

[2] ECF No. 7-2.

[3] *Id*. at 2:22-27; *see also* ECF No. 7-1, at 9:4-10.

reply, Viasat seeks leave to file a sur-reply to provide an example of a California federal court case—*United Brands v. Certain Underwriters*—where Underwriters did not challenge diversity jurisdiction. Viasat's application should be denied for three reasons.

***First***, while a court will not consider new evidence submitted for the first time in reply, evidence is not "new" if it is submitted in direct response to proof adduced in opposition to a motion. In Viasat's opposition to Underwriters' subject matter jurisdiction motion, Viasat cited two cases involving different insurance policies and policy years where Underwriters filed complaints in federal court alleging diversity jurisdiction. In their reply, Underwriters responded by stating, among other things, that the makeup of a syndicate from one year cannot be attributed to other years because, as federal courts have noted, syndicates exist for one year, dissolve and then reconstitute. Contrary to Viasat's argument, this is not "new" evidence. Rather, it is a direct response to an argument made by Viasat. Moreover, *United Brands*, like the other two cases Viasat relied upon, does not involve the same policy period at issue in this case. Accordingly, Viasat's sur-reply also does not offer any new argument that was not already part of its opposition.

***Second***, Viasat's application is untimely. Viasat's application to file a sur-reply **comes over five and a half months** after Underwriters' filed their reply in further support of their motion for lack of subject matter jurisdiction on October 5, 2022. Courts have held that even a one month delay in seeking leave to file a sur-reply is untimely. Viasat provides no explanation for its delay in seeking leave to file a sur-reply other than that it only recently became aware of the *United Brands* case. Furthermore, Underwriters consented to jurisdiction in their answer in the *United Brands* case on February 24, 2022, nearly six months before Underwriters filed their motion to dismiss for lack of subject matter jurisdiction on August 31, 2022. Therefore, Viasat could have cited *United Brands* in its opposition, which makes its request for leave to file a sur-reply particularly baseless now.

     ***Finally***, because a defect in subject matter jurisdiction cannot be waived by parties, it does not matter what position on jurisdiction Underwriters may have taken in *United Brands* or any other case. Viasat is grasping at straws by citing other federal court cases involving Underwriters where subject matter jurisdiction has not been adjudicated because Underwriters have presented indisputable evidence that there is no subject matter jurisdiction in this case.

## ARGUMENT

### I. VIASAT'S APPLICATION SHOULD BE DENIED BECAUSE UNDERWRITERS' REPLY DID NOT PRESENT NEW EVIDENCE OR RAISE NEW ARGUMENTS

     "Neither the federal rules nor the local rules permit a sur-reply as a matter of course." *Appel v. Concierge Auctions, LLC*, Case No. 17-CV-02263-BAS-MDD, 2018 U.S. Dist. LEXIS 63046, at *6 (S.D. Cal. Apr. 13, 2018). As a general matter, sur-replies are "disfavor[ed]" because they often are a strategic effort by the nonmoving party to have the last word on a matter. *Raiser v. San Diego Cty.*, Case No. 19-cv-0751-GPC-KSC, 2021 U.S. Dist. LEXIS 92953, at *2 (S.D. Cal. May 17, 2021) (noting that courts "thoroughly disfavor requests for sur-replies").

     Courts only have discretion to permit a sur-reply if a party presents new evidence or raises new arguments in a reply. *Raiser*, 2021 U.S. Dist. LEXIS 92953, at **1-2. "Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys 'R' US*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007); *see Rayon-Terrell v. Contra Costa Cty.*, 232 F. App'x. 626, 628-29 & n.2 (9th Cir. 2007) (evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts.").

     Here, in its opposition to Underwriters' motion to dismiss for lack of subject matter jurisdiction, Viasat cited two cases where Underwriters were plaintiffs—*Kleinberg & Lerner and CB Solutions*—where Underwriters alleged that

subject matter jurisdiction was present. ECF No. 11, at 7:13-25. In their reply, Underwriters stated, among other things, as follows:

> [T]he two complaints involve different policy years than the policy at issue in this case, which is October 31, 2021 to October 31, 2022. . . . "Syndicates exist for one year, dissolve, and then reconstitute." *CNX Gas Co.*, 410 F. Supp. 3d at 748. Accordingly, the makeup of a syndicate from one year cannot be attributed to other years.

ECF No. 15, at 7:20-25. While Viasat argues that the above-sentences constitute "new purported fact and a new argument" (ECF No. 30, at 1:11-23), the points made by Underwriters plainly were in response to an argument made by Viasat in its opposition. *See La Posta Brand of Diegueño Mission Indians of the La Posta Reservation v. Trump*, Case No. 3:20-cv-01552-AJB-MSB, 2020 U.S. Dist. LEXIS 237643, at *13 (S.D. Cal. Dec. 16, 2020) (denying application to submit a sur-reply because "the points made by La Posta in their reply brief [we]re in direct response to arguments advanced by Defendants in the opposition.").

Moreover, the policy period at issue in *United Brands* is "February 6, 2021 to February 6, 2022." ECF No. 30-1, Ex. A at 21 of 63, ¶ 6. The policy in this case, by contrast, is October 31, 2021 to October 31, 2022. ECF No. 7-2, at 2:10-11. Because the policy periods differ, the evidence Viasat relies upon is cumulative of the exact same arguments Viasat already made in its opposition. *See Harvey v. Advisors Mortg. Grp., LLC*, Case No. 21-CV-1048 TWR (AGS), 2021 U.S. Dist. LEXIS 177638, at *2 (S.D. Cal. Sep. 16, 2021) (denying ex parte application to file a sur-reply where defendant sought to "re-iterate the same arguments previously raised" in the defendant's opposition).

## II.  VIASAT'S APPLICATION IS UNTIMELY

Courts routinely deny applications for ex parte relief to file a sur-reply where the motion is made 30 days or more after the reply brief has been filed, as here. *See Finsa Portafolios v. Capital*, Case No. 2:17-cv-04360-SB-E, 2021 U.S.

Dist. LEXIS 203294, at *3-4 (C.D. Cal. Apr. 21, 2021) (finding Plaintiffs' delay of one month to seek ex parte relief to file a sur-reply was untimely); *Nguyen v. BMW of N. Am., LLC*, Case No. 20-CV-2432, 2022 U.S. Dist. LEXIS 5657, at *4, *6 (S.D. Cal. Jan. 11, 2022) (denying ex parte motion that was filed almost two months after briefing closed); *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, Case No. 3:16-CV-00024-CHB, 2022 U.S. Dist. LEXIS 140668, at *12 (W.D. Ky. July 18, 2022) ("it defies logic that Defendants would be permitted twenty-eight days to request leave to file a sur-reply, four times as many days as Phoenix had to file its reply brief"); *Maatuk v. Emerson Elec., Inc.*, Case No. 1:16-CV-03023, 2019 U.S. Dist. LEXIS 23536, at **2-3 (N.D. Ohio Feb. 13, 2019) (a "one-month delay in seeking leave to file a sur-reply renders his motion untimely").

Here, Viasat's request that this Court grant it *ex parte* relief to file a sur-reply **comes over five and a half months** after Underwriters filed their reply brief on October 5, 2022. Viasat provides no explanation for its delay in seeking leave to file a sur-reply other than that they "recently became aware" of the *United Brands* case. ECF No. 30, at 1:19-24. Viasat misleadingly makes it seem like something new happened in the *United Brands* case, pointing to a October 14, 2022 case management conference report—filed nine days after Underwriters filed their reply on October 5, 2022—where the parties stated that the court had subject matter jurisdiction. ECF No. 30-1, Ex. B at 52 of 63. However, Viasat fails to disclose that Underwriters consented to jurisdiction in their answer in *United Brands* on February 24, 2022[4]—nearly six months **before** Underwriters filed their motion to dismiss for lack of subject matter jurisdiction on August 31, 2022. Accordingly, Viasat indisputably could have referenced the *United Brands* case in its opposition if it wished to do so. In any event, it has been over five months since the parties in

---

[4] *See United Brands Products Design Development & Marketing, Inc. v. Certain Underwriters at Lloyd's, London Denoted as Syndicate Numbers AFB 2623 and AFB 623*, Case No. 4:22-cv-00649-TLT, ECF No. 12, at 3, ¶ 5 (N.D. Cal.).

*United Brands* filed their joint case management statement on October 14, 2022. Accordingly, Viasat's application is untimely by any measure.

### III. *UNITED BRANDS* IS IRRELEVANT BECAUSE PARTIES CANNOT WAIVE SUBJECT MATTER JURISDICTION

Finally, Viasat's waiver arguments are irrelevant because "subject matter jurisdiction" cannot be waived by parties, even if they took inconsistent positions on subject matter jurisdiction in the past. For example, in *Da Silva v. Kinsho International Corp,* 229 F.3d 358, 361 (2d Cir. 2000), the court held that "prior litigating positions do not preclude either side from asserting its current position since the issue of subject matter jurisdiction is one [courts] are required to consider, even if the parties have ignored it or . . . have switched sides on the issue."

Ninth Circuit case law is in accord. *See, e.g.*, *Richardson v. U.S.*, 943 F.2d 1107, 1113 (9th Cir. 1991) ("Subject matter jurisdiction cannot be conferred upon the courts by the actions of the parties and principles of estoppel and waiver do not apply."); *Copelan v. Techtronics Industries Co*, 95 F. Supp. 3d 1230, 1240 (S.D. Cal. 2015) ("The doctrine of judicial estoppel is an affirmative defense and does not apply to subject-matter jurisdiction. . . . Subject-matter jurisdiction, which refers to a tribunal's power to hear a case, is a matter that can never be forfeited or waived."); *U.S. Bank National Ass'n v. Edwards*, Case No. 3:16-cv-1307-AC, 2017 U.S. Dist. LEXIS 53689, at *3 (D. Or. Feb. 23, 2017) ("Traditional principles of estoppel do not apply to federal subject-matter jurisdiction; a party may challenge federal subject-matter jurisdiction despite taking a contradictory position earlier in litigation").

Accordingly, it does not make any difference what positions Underwriters may have taken in *United Brands* or in any other case. *See, e.g., Zidell Marine Corp. v. Benefit Fire & Cas. Ins. Co.*, Case No. 03-CV-05131-ORD, 2003 U.S. Dist. LEXIS 26253, at **9-13, 23 (W.D. Wash. Dec. 4, 2003) (holding that diversity and amount in controversy must be satisfied by each Name in a Lloyd's

syndicate irrespective of the fact that "Lloyd's-related parties . . . have flip-flopped from time-to-time on this issue").

## CONCLUSION

For the foregoing reasons, Viasat's ex parte application to file a sur-reply should be denied.

Dated:  March 23, 2023                         SIMPSON THACHER & BARTLETT LLP

By: */s/ Chet A. Kronenberg*
     CHET A. KRONENBERG

*Attorneys for Defendants Certain Underwriters at Lloyd's, London, Syndicates 2623 and 623*

- 7 -
DEFENDANTS' OPPOSITION TO VIASAT'S *EX PARTE* APPLICATION TO FILE SUR-REPLY